IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JUAN GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-555 |
| STILES UNIT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Juan Garcia, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Stiles Unit, Head Warden Darrell Wallace, Major Rockella Neal, Correctional Officer Brown, Sargent Harold, Inmate Newberry, and Inmate Auguliar.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was assaulted by Defendant Newberry, another inmate at the Stiles Unit, on October 11, 2019. Plaintiff states that Defendant Brown "did her in and out" and went to another section of the prison around 11:30 p.m. Plaintiff alleges Defendant Brown's security check was inadequate because she did not discover that Defendant Newberry had a weapon. After Defendant Brown left the dayroom, Defendant Newberry assaulted Plaintiff by hitting him five times with a fan motor hidden inside a sock. During the assault, Plaintiff alleges he heard other inmates yelling that Defendant Auguliar, another inmate, had paid Defendant Newberry to assault Plaintiff.

After the assault, Plaintiff was brought to the Stiles Unit Medical Department. While he was there, he spoke with Defendant Harold who told Plaintiff that the assault was considered a "hit." Defendant Harold said that the Office of the Inspector General would be contacted to pursue criminal charges. Plaintiff states that Defendant Harold also told him that he did not realize there was a serious threat to Plaintiff when Plaintiff had previously asked to be moved from 12-Building. Plaintiff alleges Defendant Harold initiated an Offender Protection Investigation while Plaintiff was at the medical department, but the report was never made part of Plaintiff's file.

Plaintiff states that he was rushed by ambulance to Baptist Hospital in Beaumont, Texas, where his head wound was sutured. Then, Plaintiff was sent by ambulance to John Sealy Hospital in Galveston, Texas, where he was admitted to the intensive care unit. Plaintiff claims that imaging later showed he had suffered a broken jaw, a broken rib, a fractured cheekbone, and a neck fracture as a result of the attack. Plaintiff had oral surgery to repair his jaw on October 16, 2019, and he later received mental health treatment to help him cope with nightmares and the trauma.

The day after the assault, an Offender Protection Investigation was initiated, and Plaintiff was transferred to another prison unit following his release from the hospital.

Plaintiff alleges Defendants Wallace and Neal were responsible for the assault in their capacities as supervisors, and that they were responsible for properly training their staff.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights,

>privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640; *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

*Under Color of State Law*

For private citizens, such as Defendants Newberry and Auguliar, to be held liable under § 1983, the plaintiff must allege that a private citizen willfully participated in joint activity with state actors. *Priester*, 354 F.3d at 420. The plaintiff must allege specific facts showing there was: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of the plaintiff's constitutional rights. *Id*. Conclusory allegations are insufficient to state a claim. *Id*. In this instance, Plaintiff has not alleged a cause of action cognizable under § 1983 against Defendant Newberry or Defendant Auguliar because he has not shown that either Defendant violated his constitutional rights or acted in concert with a state actor to commit an illegal act.

*Supervisory Liability*

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff has not alleged facts demonstrating that Defendants Wallace or Neal were personally involved in the incidents that form the basis of this complaint or that either

4

Defendant was aware that Defendants Newberry or Auguliar posed a risk of harm to Plaintiff. Instead, Plaintiff is suing Defendants Wallace and Neal in their supervisory capacities.

Under § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and the policy is the moving force of the constitutional violation. *Id*. Accepting Plaintiff's allegations as true, there is no basis to hold Defendant Wallace or Neal liable in a supervisory capacity because Plaintiff does not allege that they implemented a constitutionally-deficient policy that resulted in Plaintiff's injuries.

Plaintiff argues that Defendants Wallace and Neal are responsible for the alleged constitutional violations because they failed to properly train or supervise their employees. A claim for failure to train or supervise may be cognizable under § 1983 if Plaintiff shows: (1) the defendant failed to train or supervise his subordinates; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). A single instance of lack of training or supervision is generally not sufficient to demonstrate deliberate indifference. *Id*. A defendant cannot be held liable based on general allegations that the injury could have been prevented if the employees had received better or additional training. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Rather, Plaintiff must demonstrate, with specificity, how a particular training program is defective. *Id.*

Plaintiff has not alleged any facts supporting his assertion that Defendants Wallace or Neal failed to train or supervise their employees, or that such failure caused the alleged constitutional

violations. Plaintiff's conclusory assertions are insufficient to state a claim upon which relief may be granted.

*Failure to Protect*

Plaintiff alleges Defendants Brown and Harold failed to protect him from the assault. Prison officials have a duty under the Eighth Amendment to protect prisoners from other inmates, but not all inmate-on-inmate violence rises to the level of a constitutional violation. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). To satisfy the objective requirement, the plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendants were aware of an excessive risk to the plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Under exceptional circumstances, a defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

Plaintiff alleges Defendant Brown failed to protect him by discovering the homemade weapon during her security check of the dayroom. However, Plaintiff did not allege any facts demonstrating that Defendant Brown was aware that an inmate had a weapon or that Plaintiff was in danger prior to the assault. Plaintiff claims that Defendant Harold failed to protect him by

6

declining Plaintiff's requests to be moved to another building. Although Plaintiff alleges that he had requested to be moved, he does not allege that he provided Defendant Harold with information that other inmates posed a risk to Plaintiff's safety. At most, the facts might be sufficient to state negligence claims against Defendants Brown or Harold, but negligent conduct does not rise to the level of a constitutional violation. *Williams v. Hampton*, 797 F.3d 276, 280-81 (5th Cir. 2015) (noting that deliberate indifference requires a state of mind "more blameworthy" than negligence)

*Eleventh Amendment Immunity*

Plaintiff's claims against the Stiles Unit of the Texas Department of Criminal Justice must be dismissed because the prison facility is immune from suit. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." U.S. CONST. Amend. XI. The Eleventh Amendment has been construed to prohibit a citizen of a state from bringing an action in federal court against his own state, or against a state agency or department. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 319 (5th Cir. 2001); *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988). "A plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of the State rather than the State itself." *Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). As a department of the State of Texas, the Texas Department of Criminal Justice and the Stiles Unit are immune from suit.

## Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e).

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 16th day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge